NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Albert Campos, Sr., | No. CV-21-00400-PHX-SRB |
| Movant/Defendant, | CR-16-00011-SRB-1 |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Defendant, John Albert Campos, Sr. filed his Petition for Writ of Habeas Corpus to Vacate Convictions and Sentence Under 28 U.S.C. § 2255 on March 8, 2021. Because it was not filed on the Court approved form, it was dismissed with leave to amend. Defendant's First Amended Motion Under 28 U.S.C. § 2255 to vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was filed on April 14, 2021. The United States responded on September 20, 2021 arguing that the Motion should be dismissed as untimely and, alternatively, on the merits. Defendant filed his Reply on October 8, 2021

The Magistrate Judge issued his Report and Recommendation on April 5, 2022 finding that Defendant's Motion was untimely by more than two years and that there were no grounds for equitable tolling. The Magistrate Judge recommended that the Motion be denied and dismissed with prejudice and that a Certificate of Appealability also be denied. Defendant filed a timely Objection on April 18, 2022. The United States did not respond.

The Defendant's Objection complains that the Report and Recommendation is

completely silent on the merits of Defendant's Motion.[1]  Defendant also objects that the Report and Recommendation minimizes the effect of his being stabbed and placed in protective custody shortly after sentencing, that the cases relied upon to deny equitable tolling are inapposite, that he was diligent after his release from protective custody and arrival at USP Tucson, and that he was separated from his legal materials between March 2020 and March 2021 due to COVID.

Defendant does not dispute the untimeliness of his Motion and only argues for equitable tolling.  The Magistrate Judge discussed that Defendant was housed in protective custody between June 2017 and February 2019 after being stabbed. Defendant had related in his Motion that he did not feel safe requesting and possessing court documents with personal identifiers until release from protective custody and arrival at USP Tucson in February 2019.  Defendant asserts that he exercised due diligence since his arrival at USP Tucson.

Defendant was sentenced on May 1, 2017, and judgment was entered on May 3, 2017.  The one-year statute of limitations began to run on May 17, 2017, the date his conviction became final.  Defendant had until May 17, 2018 to file a timely Motion. Defendant was in protective custody during the one-year period after his conviction became final and must establish entitlement to equitable tolling during this period.  To show equitable tolling, Defendant stated in his Motion only that he did not feel safe requesting the documents he needed to file his Motion while he was in protective custody. As the Magistrate Judge explained, Defendant failed to demonstrate how obtaining his documents and filing his Motion while in protective custody made him any less safe than after his arrival at USP Tucson.  In his Objection Defendant states that the Report and Recommendation "minimizes" the effects of his stabbing and protective custody but still fails to explain what alleged danger he faced in obtaining necessary documents and filing his Motion before his February 2019 transfer to USP Tucson.  Defendant's Objection to

---

[1] There was no need for the Magistrate Judge to discuss the merits of Defendant's motion when the findings and recommendation are to deny and dismiss the Motion as untimely.

the Magistrate Judge's finding that he is not entitled to equitable tolling while in protective custody until February 2019 will be overruled.

The Magistrate Judge also found that, even if there were equitable tolling while Defendant was in protective custody, he has also failed to demonstrate diligence after his transfer to USP Tucson in February 2019. Noting that Defendant cited no obstacles until the COVID lockdown, the Magistrate Judge related that the only actions taken by Defendant were to request his docket sheets and transcripts on March 1, 2019. The docket sheet was provided by the Clerk of Court on April 18, 2019, together with contact information for the court reporter. In his Motion, Defendant says he never received an answer from the court reporter about the transcripts but as the Magistrate Judge noted he provided no evidence of his attempts to obtain the transcripts. Defendant also failed to explain his need for transcripts and filed his Motion in 2021 without them. Defendant's Objection does not address his need for transcripts to file his Motion but only restates that he exercised due diligence to obtain documents from the court and from the court reporter after his arrival at USP Tucson in February 2019. Defendant's Objection to the Magistrate Judge's finding of a lack of due diligence after arrival at USP Tucson will be overruled.

The Magistrate Judge correctly concluded that Defendant's Motion was untimely and that no grounds for equitable tolling had been shown either during the period between June 2017 and February 2019 while Defendant was in protective custody or during the period after his February 2019 arrival at USP Tucson and before the COVID lockdown. The Magistrate Judge correctly calculated that Defendant's one-year limitations period for filing a motion under 28 U.S.C. §2255 expired on May 17, 2018.

IT IS ORDERED overruling Defendant's Objections to the Report and Recommendation. (Doc. 19)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 18)

IT IS FURTHER ORDERED denying Defendant's First Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody

1 and dismissing it with prejudice. (Doc. 4)

2   IT IS FURTHER ORDERED denying a denying Certificate of Appealability because the denial is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

   IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

   Dated this 17th day of May, 2022.

   _____
   Susan R. Bolton
   United States District Judge